**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                          **CRIMINAL**

**VERSUS**

**KREGLAN DEWAYNE GAINES**                      **NO. 03-132-JWD**

**RULING**

This matter is before the Court on the Defendant's motion for compassionate release (R. Doc. 614) filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). The Government opposes this motion. *See* R. Doc. 619. For the following reasons, the motion is denied.

In 2004, the Defendant was sentenced to serve 420 months in prison. The Defendant resides at USP Lompac and, according to the Government, his projected release date is November 25, 2034. The Government asserts that the Defendant has failed to exhaust his administrative remedies. As such, the threshold issue is whether the Court has authority to consider the Defendant's motion.

The compassionate release statute states in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that ... the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction .... 18 U.S.C. § 3582(c)(1)(A)(i).

The statute therefore provides two routes whereby a defendant's motion can be brought properly before the court. Both routes begin with the defendant requesting that "the Bureau of Prisons" "bring a motion on the defendant's behalf." *Id.*

As clarified by the Court in *United States v. Franco*, No. 20-60473, 2020 WL 5249369, at *1 (5th Cir. Sept. 3, 2020), the statute's language is mandatory. Congress has commanded that a "court *may not* modify a term of imprisonment" if a defendant has not filed a request with the BOP. *See* 18 U.S.C.§ 3582(c) (emphasis added).

Here, the Defendant's motion is wholly silent about whether he "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf" or whether 30 days lapsed "from the receipt of such a request by the warden of [his] facility" as required by 18 U.S.C. § 3582(c)(1)(A). The Government, on the other hand, represents in its opposition that "The undersigned consulted with an attorney for BOP, who stated that BOP has not received a reduction-in-sentence (RIS) request from Gaines." *See* R. Doc. 619, p. 3.

The Government has located two requests from the Defendant for home confinement (*see* R. Docs. 619-2 and 619-3), however, a request for home confinement under § 12003 of the CARES Act is different than a request under § 3582(c)(1)(A) for the warden "to bring a motion on the defendant's behalf" to modify his sentence. The former does not satisfy the exhaustion requirement of the latter. *United States v. Alexander*, 2020 WL 2468773, at *4 (M.D. La. May 13, 2020). Accordingly,

**IT IS ORDERED** that the Defendant's motion for compassionate release (R. Doc. 614) is **DENIED WITHOUT PREJUDICE** for lack of jurisdiction, subject to refiling if Defendant exhausts his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A).

Signed in Baton Rouge, Louisiana, on September 21, 2020.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**